**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JACKIE N. ROBINSON,** | **CASE NO. 1: 18 CV 1025** |
| **Plaintiff,** | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | <u>**OPINION AND ORDER**</u> |
| **OHIO ADULT PAROLE AUTHORITY,** *et al.*, | |
| **Defendants.** | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

### Introduction

*Pro se* Plaintiff Jackie N. Robinson, an Ohio prisoner incarcerated in the Lake Erie Correctional Institution, has filed an *in forma pauperis* civil rights Complaint in this matter pursuant to 42 U.S.C. § 1983 against the Ohio Adult Parole Authority (OAPA) and two individual members of the Ohio Parole Board. (Doc. No. 1.) Although his Complaint does not set forth clear allegations or claims, the thrust of the Complaint is that the Defendants

have violated his constitutional rights in connection with a parole determination. The Plaintiff alleges he has been released on post-release control a number of times and returned to prison, and that the OAPA has now wrongly refused to release him. (*Id*. at 4.) Among other things, he contends the OAPA: "has arbitrarily placed [him] in a higher offense category than he should be"; "is not qualified to determine when [he] is fit to be released"; "abuses its discretion by giving pre-senate Bill 2 prisoners more time than senate Bill 2 prisoners"; "is breaching its duty to give pre-senate Bill 2 prisoners meaningful parole hearings"; and "violates the 'Separation of powers' doctrine by holding pre-senate Bill 2 prisoners for longer than they can be held under senate Bill 2." (*Id*.) He seeks monetary damages and other relief.

**Standard of Review**

Although filings by *pro se* litigants are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), Federal District Courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions brought in Federal Court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

**Discussion**

The Plaintiff's Complaint even liberally construed fails to allege any plausible constitutional claim on which relief may be granted under § 1983.

It is well-established that there is no constitutional or inherent right of a convicted person to be released on parole before the expiration of a valid sentence, and "the state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Jergens v. Ohio Dept. of Rehabilitation and Corrections Adult Parole Authority*, 492 F. App'x 567, 570 (6th Cir. 2012), citing *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007). The Ohio Courts have held that the Plaintiff was sentenced in the Summit County Court of Common Pleas in 1979 to a maximum forty-year sentence that will not be completed under 2019. *See Robinson v. LaRose*, No. 2015-T-0051, 2015 WL 6126203 (Ohio App. 11th Dist. Oct. 19, 2015). Accordingly, to the extent the Plaintiff's action rests on the faulty premise that he is entitled to release on parole before the expiration of the term of his maximum sentence in 2019, his action fails to state any plausible constitutional claim for purposes of § 1983. *See Jergens*, 492 F. App'x at 572 ("Because Ohio law does not create a liberty interest in parole, Jergens's § 1983 claim challenging the OAPA's and the individual parole-board members' implementation of Ohio's meaningful-hearing requirements in determining his eligibility for parole necessarily fails.").

Further, "§ 1983 does not provide relief for a violation of state law." *Michael*, 498 F.3d at 374. Accordingly, the Plaintiff has not alleged a viable federal constitutional claim on the basis of allegations suggesting that the Defendants failed to properly implement Ohio's state-mandated procedural requirements regarding parole. *See Jergens*, 492 F. App'x 567 (affirming dismissal of a § 1983 action based allegations that the OAPA and individual Parole

Board members failed to comply with state-mandated procedural requirements); *Louis v. Collins*, No. 3:08 CV 930, 2008 WL 2705038 at *6 (N. D. Ohio July 8, 2008) (holding that a prisoner had no viable federal separations-of-powers claim based on allegations that the Parole Board placed him in an incorrect offense category).

## Conclusion

For the foregoing reasons, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated:** July 26, 2018